**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION**

| | | |
|---|---|---|
| SYLVIA HILL | : | CIVIL ACTION NO. |
| | : | |
| V. | : | |
| | : | |
| MIKE STONE, | : | JUDGE: |
| SHERIFF OF LINCOLN PARISH; | : | |
| JANE AND/OR JOHN DOE, | : | |
| UNKNOWN 911 OPERATOR; | : | MAGISTRATE: |
| LINCOLN PARISH COMMUNICATIONS | : | JURY DEMAND |
| DISTRICT E-911; LINCOLN PARISH | : | |
| POLICE JURY; LASALLE CORRECTIONS | : | |

**COMPLAINT**

1.      This is an action for declaratory, injunctive and monetary relief pursuant to 42

U.S.C., §§ 1983, 1988, the Fourteenth Amendment to the Constitution of the United States,

Article 1 §§ 2, 3 of the Louisiana Constitution, and Louisiana Civil code Articles 2315, 2315.6,

2316, 2317 and 2320.

**JURISDICTION**

Jurisdiction is invoked pursuant to 28 U.S.C. §§1331, 1343(a)(3), (4), and 2201. Plaintiff

further invokes the supplemental jurisdiction of this Court to hear and decide claims arising

under state law pursuant to 28 U.S.C. §1367.

**PARTIES**

2.      Plaintiff, SYLVIA HILL, is an adult female and a resident of State of Louisiana

currently residing in Lincoln Parish, Louisiana.

3.      Made Defendants in this action are:

(a)    Mike Stone ("Stone"), the Sheriff of Lincoln Parish, Louisiana, in his official capacity as Sherriff of the Lincoln Parish Sherriff's Department, who may be served at P.O. Box 2070, Ruston, LA 71273;

(b)    Jane and/or John Doe, unknown 911 Operator;

(c)    Lincoln Parish Communications District E-911, a district created by Ordinance 85-88 adopted by the Lincoln Parish Police Jury ("Communications District")

(d)    The Lincoln Parish Police Jury ("Policy Jury"), the entity that created the Communications District and that has dual responsibility for the management of the affairs of the Communications District;

(e)    LaSalle Corrections, manager and operator of the Lincoln Parish Detention Center, who may be served at 192 Bastille Lane, Suite 200, Ruston, Louisiana 71270.

## FACTUAL ALLEGATIONS

4.    Terrion McCollister ("McCollister") perpetuated domestic abuse and violence against Plaintiff causing Plaintiff to seek a temporary restraining order against him on or about August 10, 2010.

5.    In violation of the temporary restraining order, McCollister continued to text Plaintiff and to stalk her on numerous occasions. On numerous occasions Plaintiff reported these violations to the appropriate authorities.

6.    On or about October 8, 2010, McCollister violated the temporary restraining order and Plaintiff contacted Grambling State University police who arrested him. Due to a previous probation hold, McCollister remained in detention at the Lincoln Parish Detention Center, which is managed and operated by LaSalle.

7.     Plaintiff attended three or more Court hearings to ensure that McCollister was properly sentenced and not released early, or that if he was released, she was given immediate notification of the same so she could seek safety. She took all appropriate steps to complete victim notification forms required by the authorities.

8.     Plaintiff was informed by the authorities that McCollister would not be released until March, 2011 and that when he was released, she would be immediately notified.

9.     McCollister was released by LaSalle on Tuesday, January 25, 2011. Plaintiff received no notice of the same from any of the Defendants, and she remained unaware of McCollister's release until 3:43 A.M. on February 6, 2011.

10.     Around 3:43 A.M. on February 6, 2011 McCollister arrived at Plaintiff's home and began beating on the door of her apartment. Plaintiff immediately called 911, told the operator that her name was Sylvia Hill at B.T. Woodard #61, and that she needed emergency assistance. As she was seeking help, McCollister kicked in the door of her apartment, hit Plaintiff in her head and disconnected the telephone call.

11.     The 911 operator employed by Communications District, which was created by Ordinance of the Policy Jury, returned Plaintiff's call after Plaintiff's first call was disconnected. Plaintiff sought refuge in her bathroom, answered the phone and informed the operator that she had a restraining order against McCollister and that he was in her apartment in violation of the same. As she was doing this, McCollister entered the bathroom, punched Plaintiff and disconnected the phone once again. He then proceeded to beat Plaintiff and drag her outside into the woods near her apartment asking her why she had called the police and telling her that if he is going back to jail, this time it will be for a reason as he told her that he was going to kill her.

12.     After period of time passed in the woods and realizing that no law enforcement authorities were coming, McCollister drug Plaintiff back into her apartment, continued to threaten to kill her as he placed a sharp object to her neck, pulled her clothes off of her and proceeded to rape her. He then refused to allow Plaintiff to leave the apartment afterwards.

13.     At no time did the 911 operator or any employee of the Communications District, attempt to reconnect, and no emergency or law enforcement authorities were dispatched to or arrived at Plaintiff's apartment.

14.     The next morning, Plaintiff escaped to her mother's home, dialed 911 and contacted the Communications District. She inquired as to why no one had responded to her call on February 6, 2011. She then went to the Grambling Police Department, filed charges and gave a statement. After giving her statement, she went to the local hospital to follow post rape testing procedures. McCollister was apprehended and arrested that day. Plaintiff filed a complaint with the appropriate authorities regarding the failure of the Communications District to respond to her 911 call.

15.     On Thursday, February 10, 2011, Plaintiff and her father met with Sheriff Stone, who told them that "everything that could have gone wrong had gone wrong." Stone admitted that a victim notification form had been completed by Plaintiff. Stone further admitted that the Communications District had received Plaintiff's 911 call and informed Plaintiff and her father that disciplinary action was being taken against the operator.

## CAUSES OF ACTION

16.     The foregoing factual allegations show that on a number of occasions Plaintiff had sought the service and protection of the Defendant Stone, and his deputies and employees, and

the service and protection of Defendant Communications District as formed by the Defendant Police Jury, from stalking as well as the threats of and repeated acts of assault, battery, aggravated assault, aggravated battery and second degree battery and rape perpetrated against her by McCollister. Moreover, Plaintiff took all appropriate steps and sought the service and protection of Defendant LaSalle by requesting that she be immediately informed of McCollister's release from the Lincoln Parish Detention Center.

17.    As shown herein, these Defendants failed to provide Plaintiff adequate protection, which caused Plaintiff to be treated differently from others similarly situated, with no rational basis for the difference in treatment, and which ultimately influenced the level of protection she received from Defendants who deliberately sought to deprive her of the equal protection of the laws. Such conduct, which caused damage to Plaintiff, violated Plaintiff's equal protection rights under the Fourteenth Amendment of the United States constitution and LSA-Const. Art. 1., § 3, and a "Class of One" cause of action thus exists for Plaintiff against the Defendants.

18.    Because of State of Louisiana, through legislative or executive mandate, provided Defendant Stone with the position and authority he held, he was the maker of policies in accordance with which the practices described below caused injury to the Plaintiff. These policies were carried out by Defendant Stone's employees.    Defendant Stone fostered, perpetuated and thus adopted these same policies. These policies damaged Plaintiff by violating her due process and equal protection rights under the Fourteenth Amendment of the United States Constitution, through 42 U.S.C. 1983, and under the Louisiana Constitution as well.

19.    The acts and failures to act alleged on the part of Defendants Stone, his employees and deputies, exhibit a department-wide lack of training, including domestic violence training, which Defendants directly or constructively knew was inadequate by virtue of a long-standing, widespread and reckless disregard of any rules or training respecting ill-will against individuals, including any rules or training respecting domestic violence provided for their employees, including the Defendants herein. Likewise, the act and failures to act of the Defendant Communications District as formed by the Defendant Police Jury and its employee Jane and/or John Doe and the acts and failures of the Defendant LaSalle and its employees, exhibit a lack of training, including domestic violence training, which all Defendants directly or constructively knew was inadequate by  virtue of a long-standing, widespread and reckless disregard of any rules or training respecting ill-will against individuals, including any rules or training respecting domestic violence provided for their employees With this policy-making all Defendants made a conscious choice to accept such conduct, which was done on such a common and well-settled basis as to constitute customs that represent their expected, accepted policies, which were the respective moving forces of the constitutional violations shown. This inadequate training and supervision, resulted in an individual intent to treat Plaintiff differently than similarly situated citizens.

20.    The acts and conduct of the Defendants, including omissions, constitute negligence, gross negligence, and the intentional and negligent infliction of emotional distress under state law, which damaged the Plaintiff. Additionally, the Defendants are vicariously liable under state law for the acts and omissions of their employees alleged herein, and are thus

responsible for the resultant damages. This Court should exercise its supplemental jurisdiction to hear and adjudicate such claims.

21.    Plaintiff was also damaged by the deliberate indifference and gross negligence of the Defendants as to their duties under state law to protect her from known dangers, by recklessly placing Plaintiff in a situation of increased danger, easily foreseeable to the Defendants in this case.

22.    Defendant Stone and Defendant Jane and/or John Doe may not avail themselves of the defense of qualified immunity, because the law, clearly established at the times pertinent herein, was and remains such that the acts and omissions alleged herein were in no way objectively reasonable. This law enforcement officer and 911 operator is presumed to know the clearly established constitutional rights of citizens.

## DAMAGES

23.    As a result of the physical trauma which resulted from the Defendants' fault through their actions and inactions before, during, and after the events of February 6, 2011, Plaintiff suffered and will continue for the rest of her life to suffer extreme physical pain from the events that occurred.

24.    Plaintiff has also been emotionally damaged. Suffering from post-traumatic stress disorder and severe depression, she also continues to suffer mental pain in the form of constant nightmares, and anguish, which damage has been exacerbated by the conduct of the Defendants.

25.    Because of lack of funds, she is only able to receive marginal and intermittent counseling for her emotional pain. She will need psychiatric and related care and treatment far into the future.

26.     As a result of the acts and failures to act on the part of Defendants herein, which cause the injuries she suffered, Plaintiff has incurred extensive medical expenses for which she is indebted.

27.     The malicious, wanton and oppressive acts and failures to act on the part of the defendant, done in bad faith, constitute a reckless disregard and callous indifference to the constitutionally protected rights of Plaintiff. An award of punitive damages is thus warranted.

## JURY TRIAL DEMANDED

28.     Plaintiff demands a trial by jury as to all matters permitted by law.

WHEREFORE Plaintiff requests the following relief against the defendant:

1. Judgment declaring (A) that the Defendants' liability attaches under 42 U.S.C. § 1983 and state law in that they violated Plaintiff's Constitutional rights guaranteed by the Fourteenth Amendment to the United States Constitution and Article I, §§ 2, 3 of the Louisiana Constitution, and that Defendants did conspire to violate same, and that Defendants did neglect or refuse to prevent the violations of these rights despite their knowledge of and power to prevent said violations, and (B) that Defendants' policies and practices, that allowed and resulted in the personally-motivated abuse by the Defendants of the Plaintiff complained of herein, are illegal and otherwise in violation of law.

2. That Plaintiff be awarded compensatory damages;

3. That Plaintiff be awarded punitive damages from the appropriate Defendants, and

4. An award of such other relief to which Plaintiff may be entitled, legal interest from date of judicial demand, all costs of this action, and attorneys' fees pursuant to 42

U.S.C. §1988.

Respectfully submitted,

DAVIDSON, JONES & SUMMERS
A Professional Law Corporation
509 Market Street, Suite 1000
Shreveport, Louisiana 71101
Phone: (318) 424-4342
Fax: (318) 226-0168

Allison A. Jones, Bar No. 16990


By:_____ */s/Allison A. Jones*_____
          ATTORNEYS FOR PLAINTIFF

## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF LOUISIANA
## MONROE DIVISION

SYLVIA HILL                                    :     CIVIL ACTION NO.
                                               :
V.                                             :
                                               :
MIKE STONE,                                    :     JUDGE:
SHERIFF OF LINCOLN PARISH;                     :
JANE AND/OR JOHN DOE,                          :
UNKNOWN 911 OPERATOR;                          :     MAGISTRATE:
LINCOLN PARISH COMMUNICATIONS                  :     JURY DEMAND
DISTRICT E-911; LINCOLN PARISH                 :
POLICE JURY; LASALLE SOUTHWEST                 :
CORRECTIONS, A/K/A LASALLE                     :
MANAGEMENT CO, L.L.C.                          :


## VERIFICATION

BEFORE ME, the undersigned Notary Public, personally came and appeared SYLVIA

HILL, who did depose and state that she is the Plaintiff in the foregoing Complaint, that she has

read the Complaint, and that all of the allegations contained therein are true and correct to the

best of her knowledge, information and belief.

_____
**SYLVIA HILL**

SWORN TO AND SUBSCRIBED before me, Notary Public, this 6th day of February,

2012.

_____
NOTARY PUBLIC

1